IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOMAX, LLC, MAX R. GREER, and CHARLES R. MOFFETT, § § § § Plaintiffs, § § v. § Civil Action No. 3:02-CV-2613-L § THE ROCKLAND CORPORATION, § § § Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On May 16, 2005, at 3:00 p.m., the court held its pretrial conference in this case. At the pretrial conference, among other things, the court heard argument from counsel for both parties regarding Plaintiff's Motion in Limine, filed April 29, 2005, wherein Plaintiff sought to exclude three categories of evidence, as follows: (i) evidence regarding fault for presence of contaminant bacteria in Beautiful Body; (ii) evidence regarding illegality; and (iii) evidence that Beautiful Body was a fraudulent product. At the pretrial conference, the court granted Plaintiff's Motion in Limine with regard to category (ii) evidence, and took under advisement Plaintiff's Motion in Limine with regard to category (i) evidence and category (iii) evidence. Having considered the motion in limine, Defendant's response, filed May 26, 2005, Plaintiff's reply, filed June 1, 2005, along with oral argument of counsel at the May 16, 2005 pretrial conference, the record and applicable authority, the court determines that Plaintiff's Motion in Limine regarding category (i) and category (iii) evidence should be granted.

**Memorandum Opinion and Order – Page 1**

I.   **Factual Background and Procedural History**

This dispute arises following Defendant The Rockland Corporation's sale to Plaintiff Momax, LLC ("Momax") of a nighttime weight loss product that was contaminated with lactic acid bacteria and subsequently expanded and ruptured on store shelves. On December 5, 2002, Momax filed this lawsuit against Defendant The Rockland Corporation ("Defendant" or "Rockland") alleging breach of contract, breach of the implied warranties of merchantability and fitness for a particular purpose and negligence in connection with Defendant's production, sale and shipment of the contaminated weight loss product. Rockland has filed a counterclaim against Momax alleging that the parties had an oral contract, that Rockland performed its obligations thereunder, that Momax breached the contract and that an outstanding balance remains. On August 7, 2003, with leave of court, Rockland filed its First Amended Counterclaim, adding a claim against Momax under the Declaratory Judgment Act, and claims against two of Momax's officers, Max R. Greer and Charles R. Moffett, in both their official and individual capacities, alleging breaches of separate guaranty agreements. Rockland also asserted various affirmative defenses.

On November 5, 2004, Momax filed a Motion for Partial Summary Judgment on its claims for breach of the implied warranty of merchantability (Tex. Bus. & Comm. Code Ann. § 2.314 (Vernon 1994 & Supp. 2004)) and breach of the implied warranty of fitness for a particular purpose. *See id.* § 2.315. By order dated April 11, 2005, the court denied Momax's motion with regard to these implied warranties, after determining that Defendant had raised a genuine issue of material fact

as to whether Momax provided Rockland with the specifications for manufacturing Body Beautiful.[*]

As the court set forth in its April 11 order, under Texas law:

> The *situation in which the buyer gives precise and complete specifications to the seller* is not explicitly covered in this section [on warranties], but this is a frequent circumstance by which the implied warranties may be excluded. *The warranty of fitness for a particular purpose would not normally arise since in such a situation there is usually no reliance on the seller by the buyer.* The warranty of merchantability in such a transaction, however, must be considered in connection with [§ 2.317] on the cumulation and conflict of warranties. Under paragraph c [of § 2.317] in case of an inconsistency the implied warranty of merchantability is displaced by the express warranty that the goods will comply with the specifications. *Thus, where the buyer gives detailed specifications as to the goods, neither of the implied warranties as to quality will normally apply to the transaction unless consistent with the specifications.*

Order at 8, April 11, 2005 (quoting Tex. Bus. & Comm. Code Ann. § 2.316 at comment 9 (Vernon 1994 & Supp. 2004)) (emphasis added). In the Joint Pretrial Order, filed April 18, 2005, Momax expressly abandoned its negligence claims and stated that it was seeking damages solely on its claims for breach of implied warranties.

## II.     Analysis

### A.     Plaintiff's Motion in Limine With Regard to Category (i) Evidence

Plaintiff is seeking to exclude category (i) evidence, which is evidence regarding how or why lactobacillus or lactic acid bacteria came to be inserted into Beautiful Body containers, including

---

[*]Momax also moved for summary judgment on Defendant's affirmative defenses. The court denied Momax's motion with regard to Defendant's affirmative defenses of assumption of the risk, contributory negligence, comparative fault by a phantom party, illegality, waiver, and failure to mitigate damages. The court granted Momax's motion with regard to Defendant's affirmative defenses of accord and satisfaction, fraud, laches, payment, statute of frauds, mutual mistake and misuse of patent. As Momax has now dropped its negligence claim (*see* Joint Pretrial Order), the only remaining affirmative defenses are waiver, failure to mitigate damages and illegality. The court has already granted Plaintiff's motion in limine with regard to evidence concerning illegality. *See* Order, May 18, 2005.

**Memorandum Opinion and Order – Page 3**

efforts to establish that third party vendors employed by Defendant (who were not named by Defendant as third party defendants) were the source of the lactobacillus. Momax argues that this evidence is irrelevant to the issues of breach of the implied warranties and also that Defendant, in its answers to Momax's request for admissions, admitted that the shipments of Beautiful Body, which it manufactured, were contaminated with lactobacillus bacteria. Defendant argues that this evidence should be allowed to show that Momax provided the precise and complete specifications for the formulation of Beautiful Body, thereby relieving Defendant of liability for breach of the implied warranties. The court agrees with Momax. How or why the lactobacillus came to be inserted into the Beautiful Body is not relevant to the issues at this trial, namely, whether Defendant breached the implied warranties. Arguably, prior to Momax dropping its negligence claim, how the contamination occurred might have been relevant to Defendant's affirmative defenses of assumption of the rise, contributory negligence and comparative fault by a phantom party. These affirmative defenses, however, have no part in this case, as Momax is no longer suing Defendant for negligence. Accordingly, Plaintiff's Motion in Limine with regard to category (i) evidence should be granted. Defendant, Defendant's counsel, or any of Defendant's witnesses shall not mention or refer to, in the presence of the jury or jury panel, any matter regarding how or why lactobacillus or lactic acid bacteria came to be inserted into Beautiful Body containers, including efforts to establish that third party vendors employed by Defendant (who were not named by Defendant as third party defendants) were the source of the lactobacillus. If, during the course of trial, Defendant believes that a reconsideration of this ruling is warranted, Defendant, through its counsel, shall request to approach the bench to obtain a ruling from the court. The court's ruling granting Plaintiff's motion in limine

with regard to category (i) evidence in no way precludes Defendant from seeking to prove that Plaintiff provided it with the specifications for Beautiful Body.

### B.     Plaintiff's Motion in Limine With Regard to Category (iii) Evidence

Plaintiff is also seeking to exclude category (iii) evidence, which is evidence that Beautiful Body was a fraudulent product. As Plaintiff correctly argues, in its summary judgment order, the court granted Plaintiff's motion for summary judgment on Defendant's affirmative defense of fraud. *See* Order at 15, April 11, 2005. Accordingly, Plaintiff's Motion in Limine with regard to category (iii) evidence should be granted. Defendant, Defendant's counsel, or any of Defendant's witnesses shall not mention or refer to, in the presence of the jury or jury panel any evidence that Beautiful Body was a fraudulent product. If, during the course of trial, Defendant believes that a reconsideration of this ruling is warranted, Defendant, through its counsel, shall request to approach the bench to obtain a ruling from the court.

### III.    Conclusion

For the reasons stated above, the court **grants** Plaintiff's Motion in Limine with regard to category (i) evidence and **grants** Plaintiff's Motion in Limine with regard to category (iii) evidence.

**It is so ordered** this 23rd day of August, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge