IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOMAX, LLC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:02-CV-2613-L |
| v. | § | |
| | § | |
| THE ROCKLAND CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to an order of reference by the court dated December 19 2005, the court referred Plaintiff Momax, LLC's Motion for Award of Attorneys' Fees, filed October 12, 2005, to United States Magistrate Judge Paul D. Stickney, for hearing, if necessary, and for report and recommendation. On January 24, 2006, the Conclusions and Recommendation of the United States Magistrate Judge (the "Report") were filed, in which the magistrate judge concluded that Plaintiff Momax, LLC ("Plaintiff" or "Momax") was not entitled to recover attorney's fees. Based on this conclusion, the magistrate judge recommended that the court deny Plaintiff Momax, LLC's Motion for Award of Attorneys' Fees. Momax filed objections to the magistrate judge's Report on February 8, 2006. Defendant The Rockland Corporation ("Defendant" or "Rockland") filed a response to Momax's objections on February 21, 2006.

**I.   Relevant Factual and Procedural History**

This is an action by Momax against Rockland for breach of the implied warranties of merchantability and fitness for a particular purpose in connection with Rockland's manufacture of a liquid nighttime weight loss product. This action was tried before the court and a jury from

**Memorandum Opinion and Order – Page 1**

September 19, 2005 to September 28, 2005. On September 28, the jury returned a verdict in favor of Momax and against Rockland, and awarded Momax a total of $3,373,514.96 in damages. On September 30, 2005, the court entered judgment in favor of Momax, and awarded Momax $3,373,514.96 in damages based on the jury's verdict, plus prejudgment interest. *See* Judgment (Sept. 30, 2005). Subsequently, Momax filed a motion for attorney's fees, requesting that the court award it $1,686,757.48 in attorney's fees, exactly fifty percent of the award. In support, Momax asserted that it was entitled to attorney's fees pursuant to § 38.001 of the Texas Civil Practice & Remedies Code, as the underlying lawsuit was based upon a written contract. Momax also contended that such an award would support the enforcement of its contingency fee agreement with its attorneys, which provided that its attorneys would pay all litigation expenses and prosecute the lawsuit in exchange for fifty percent of any amounts Momax recovered. Rockland opposed this request for attorney's fees, contending that § 38.001 does not authorize recovery of attorney's fees in this breach of warranty case.

## II.     The Magistrate Judge's Report

As set forth by the magistrate judge, under Texas law, "attorney's fees are not recoverable . . . unless provided by statute or by contract between the parties." Report at 2 (citation omitted). Under Section 38.001(8) of the Texas Civil Practice & Remedies Code, a party "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." *Id.* at 3. Rejecting Momax's argument to the contrary, the magistrate judge concluded after a thorough examination of Texas law that "§ 38.001 of the Texas Civil Practice & Remedies Code does not authorize an award of

attorney's fees to Plaintiff because Plaintiff's recovery is based upon breach of the implied warranties of merchantability and fitness for a particular purpose." Report at 7.

**III.  Momax's Objections**

In its objections, Momax contends that the court should apply a liberal construction of Section 38.001(8) and, contrary to the magistrate judge, allow attorney's fees to Momax as the prevailing party "on claims of breach of warranty that arose as a result of the purchase contracts between Momax and [Rockland]." Obj. at 12. Even the most liberal construction, however, would not support an award of attorney's fees in this breach of warranty action. As the magistrate judge correctly stated, Texas law is clear that a breach of warranty claim is distinct from a breach of contract action. *See* Report at 5 (citing *S.W. Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 576 (Tex. 1991)). Breach of warranty cases are not claims "for . . . an oral or written contract and thus do not fall within the scope of Section 38.001(8)." *Id.* at 6.[*] Having reviewed the applicable case law upon which the magistrate judge relied, the court rejects Momax's contention that cases are "unreasoned," and concludes that under Texas law, Momax is not entitled to attorney's fees in this breach of warranty case. *See* Report at 3-6 (and cases cited therein). Accordingly, Momax's objections are **overruled**.

**IV.  Conclusion**

Having reviewed the pleadings, file and record in this case, the conclusions and recommendation of the magistrate judge, and having considered Momax's objections thereto, as well

---

[*]Moreover, as noted by Rockland in its Response to Momax's objections to the magistrate judge's Report, Momax did not assert a claim for breach of contract against Rockland, nor has Plaintiff's counsel memorialized any legal work expended in prosecuting a claim for breach of contract. *See* Resp. at 2. Having re-reviewed the Pre-Trial Order, the Court's Charge to the Jury, and the affidavits submitted by counsel for Momax with its request for attorney's fees, the court finds no basis for an award of attorney's fees under any construction of Section 38.001(8) in this breach of warranty case.

**Memorandum Opinion and Order – Page 3**

as Rockland's response to Momax's objections, the court determines that the conclusions of the magistrate judge are correct. Accordingly, the magistrate judge's conclusions are **accepted** as those of the court, and Momax's objections are **overruled**. Plaintiff Momax, LLC's Motion for Award of Attorneys' Fees is hereby **denied**. Pursuant to Fed. R. Civ. P. 58(a)(1)(C), this order also serves as the judgment, as a separate document is not required for an order disposing of a motion for attorney's fees made pursuant to Fed. R. Civ. P. 54.

**It is so ordered** this 11th day of May, 2006.

Sam A. Lindsay
United States District Judge